■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT MORALES, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 23, 1985, upon a verdict convicting defendant of the crime of grand larceny in the second degree.

The main issue in this appeal is whether the People's exercise of peremptory challenges to black jurors violated this black defendant's rights under the equal protection clause of the US Constitution 14th Amendment.

It is defendant's contention that the People exercised peremptory challenges solely to exclude prospective black jurors and thus deprive defendant of an impartial jury of his peers. The record on appeal does not contain a transcript of the voir dire. When defendant moved for a mistrial, County Court instructed the People to place on the record the reasons for the exercise of challenges made to three blacks during jury

selection. The People's explanation is all that is available for this court's review.

The People stated that they excused one black juror for cause because he was a convicted felon. Two other black jurors were also excused because their occupations, in the People's opinion, would make them too highly technical in the consideration of the elements of the crime charged. The third juror was additionally considered not favorable to the prosecution. This was based on the People's experience with her in prior jury service. County Court, upon hearing these explanations, denied defendant's motion for a mistrial.

It is impossible to determine the circumstances surrounding the People's use of peremptory challenges without a record of the voir dire. We cannot under the circumstances ascertain whether a case of discrimination has been established (see, *People v Cassell*, 101 AD2d 1013). Notwithstanding the People's recorded explanations, we find it nonetheless difficult to assess their legitimacy without the benefit of a transcript. Defendant having failed to make a prima facie case of purposeful discrimination, as articulated in *Batson v Kentucky* (476 US —, 90 L Ed 2d 69), we decline to address the issue.

Defendant also urges that his sentence was unduly harsh and excessive. Defendant was convicted of a class D felony and received the maximum sentence permissible, 2⅓ to 7 years in prison. We note that defendant is a repeat violator. Trial evidence also disclosed defendant's involvement in numerous other thefts for which he was never convicted. We thus find no abuse of County Court's discretion in sentencing defendant and decline to intervene.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.