■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY STEANS, Also Known as JOHN METCALF, Appellant.— Appeal by the defendant from two judgments of the Supreme Court, Queens County (Naro, J.), both rendered April 16, 1989, convicting him of robbery in the second degree (one count

under Indictment No. 5985/87 and two counts under Indictment No. 6169/87), and criminal impersonation in the first degree (one count each under Indictment Nos. 5985/87 and 6169/87), upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant contends that the prosecutor used his peremptory challenges in a racially exclusive manner against blacks in violation of the holding of *Batson v Kentucky* (476 US 79). While the defendant initially objected to the prosecutor's use of peremptory challenges during voir dire, in the colloquy that followed the defendant did not press the issue further by moving for a mistrial. Nor did the defendant object to the court's corrective action of asking the prosecutor to provide a race-neutral explanation for his challenges and disallowing one of the prosecutor's challenges and seating a black person on the jury. Thus, we find that the issue of law is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Rosado,* 166 AD2d 544). However, we have reviewed the issue in the exercise of our interest of justice jurisdiction and find that the court's prompt action in asking the prosecutor to provide a race-neutral explanation for his challenges and disallowing one of the prosecutor's challenges and seating a black person on the jury was the appropriate remedy to employ. Therefore, a new trial is not warranted *(see, People v Irizarry,* 165 AD2d 715).

We also reject the defendant's contention that the hearing court improperly conducted a portion of the suppression hearing in his absence. Defense counsel expressly requested, for tactical reasons, that his client's presence be waived and the court, initially reluctant to grant the request, agreed to that procedure only after defense counsel's urging. Under such circumstances it is spurious for the defendant to now claim that his rights were prejudiced by his absence from that portion of the hearing *(see, People v Peterson,* 151 AD2d 512; *People v Stoute,* 140 AD2d 728).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.