■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD CAMPANELLA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered March 9, 1989, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* claim *(see, Batson v Kentucky,* 476 US 79), premised on the prosecutor's use of peremptory challenges to strike twice as many female jurors as male jurors *(see, People v Blunt,* 162 AD2d 86), is procedurally flawed. While the defendant initially objected to the prosecutor's use of peremptory challenges as discriminatory, he neither controverted the prosecutor's explanations for the challenged strikes, requested a hearing or further ruling by the trial court, nor moved for a mistrial. Thus, we find that the issue of law is not preserved for appellate review *(see, People v Steans,* 174 AD2d 582; *People v Rosado,* 166 AD2d 544). Were we inclined to address the claim in the exercise of our interest of justice jurisdiction, the absence of a complete record of the voir dire precludes any finding as to the defendant's establishment of a prima facie case of purposeful discrimination *(see, People v Morales,* 126 AD2d 836; *People v Cassell,* 101 AD2d 1013).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

In view of the defendant's extensive criminal history and the violent nature of the crimes of which he stands convicted, we perceive no basis upon which to modify the sentence imposed *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.