THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE HOLLAND, Appellant

The defendant was previously tried and convicted of murder in the second degree on December 14, 1977, in the Supreme Court, Queens County (Agresta, J.). In 1987, the United States Court of Appeals for the Second Circuit affirmed a judgment sustaining a writ of habeas corpus vacating that judgment of conviction pursuant to the principles enunciated in *Bruton v United States* (391 US 123) *(see, In re Holland,* 827 F2d 765). Prior to his retrial on the indictment, the defendant moved to suppress certain statements he made to Detective Daly, one of the detectives involved in the investigation, on the ground that they were obtained in violation of his right to counsel. That motion was denied without a hearing on the ground that Justice Agresta had denied suppression, after a hearing, in 1977. The right to counsel issue had not been raised before Justice Agresta. However, the defendant contends that the ruling in *People v Cunningham* (49 NY2d 203), which was decided in 1980, should be applied retroactively to him. *Cunningham* held that, once a suspect in custody has asked for an attorney, he may not be questioned further in the absence of an attorney.

Here, the defendant could have raised this right-to-counsel issue on his direct appeal, since *Cunningham* was decided a year before the defendant's 1977 conviction was affirmed in 1981 on direct appeal *(People v Holland,* 80 AD2d 753). Thus, the defendant waived the claim that he was questioned in violation of his right to counsel by not raising it on the direct appeal from his first judgment of conviction.

In any event, although generally, where the issue involves a defendant's right to counsel in pretrial encounters, a change in decisional law is applied retroactively to those cases still on direct appeal *(see, People v Pepper,* 53 NY2d 213, *cert denied* 454 US 967), retroactive application is usually denied where the normal direct appeal process has been exhausted *(see, People v Pepper, supra; People v Robles,* 42 NY2d 1051; *People v Wise,* 82 AD2d 869; *cf., People v Griswold,* 58 NY2d 633). In this case, where the retrial occurred after the original judgment was set aside in a collateral proceeding, the normal direct appeal process had been exhausted. Therefore, the rule in *People v Cunningham (supra)* should not be applied retroactively to this case.

Even if we were to find that the defendant's statements to Detective Daly should have been suppressed, a reversal of his conviction still would not be warranted. Any error in that regard was harmless beyond a reasonable doubt *(see, People v Sanders,* 56 NY2d 51; *People v Crimmins,* 36 NY2d 230; *see*

*also, Milton v Wainwright,* 407 US 371), since that evidence was cumulative. The incriminating statements the defendant made to Detective Daly were previously made to another detective after the defendant was read his *Miranda* rights and before he requested an attorney.

The defendant contends that he was deprived of a fair trial because the prosecutor used his peremptory challenges to exclude black prospective jurors *(see, Batson v Kentucky,* 476 US 79). The record reveals that the defense counsel raised the *Batson* issue after the prosecutor exercised six peremptory challenges against six out of seven black prospective jurors. He requested that "from this point on" the prosecutor provide the court with race-neutral reasons for any challenges. The prosecutor then explained that he exercised several of the challenges against black prospective jurors because either the prospective jurors or their families had been previously involved with the criminal justice system. Thereafter, he excused another black prospective juror because she was a minister's wife and might be unduly sympathetic to the defendant. The defense counsel did not indicate any dissatisfaction with the prosecutor's explanations. He did not request a hearing or a further ruling by the trial court, nor did he move for a mistrial. Thus, the *Batson* issue is not preserved for appellate review *(see, People v Campanella,* 176 AD2d 813; *People v Steans,* 174 AD2d 582; *People v Rosado,* 166 AD2d 544). We decline to reach this issue in the interest of justice. In any event, the absence of a complete record of the voir dire precludes any finding as to the defendant's establishment of a prima facie case of purposeful discrimination *(see, People v Campanella, supra; People v Morales,* 126 AD2d 836).

The defendant's contention that his tape-recorded conversation with an Assistant District Attorney should not have been admitted into evidence is without merit. The Assistant District Attorney testified that the tape was a fair and accurate representation of their conversation and that it had not been altered. Therefore, proof of a chain of custody was not required for admission of the tape-recorded conversation *(see, People v McGee,* 49 NY2d 48, *cert denied* 446 US 942).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its

determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find that they are either unpreserved for appellate review or without merit. Bracken, J. P., Eiber and O'Brien, JJ., concur.

Harwood, J., concurs in the result only, with the following memorandum: This case is before us on direct appeal, albeit following a retrial, as a result of an unusual procedural circumstance, which, without running the risk that doors in cases long since decided will be reopened (see, People v Pepper, 53 NY2d 213, 222, cert denied 454 US 967), affords us an opportunity to address a claim by what I regard as the preferred method, i.e., on the merits. In light of the fact that the defendant, who made a motion to suppress his statements before his first trial, made a new motion for suppression on Cunningham grounds (see, People v Cunningham, 49 NY2d 203) immediately prior to his retrial, I do not agree with my colleagues that the defendant waived his right to press his Cunningham claim on this appeal because his attorney failed to raise it on the appeal from his now-vacated judgment of conviction (see, People v Griswold, 58 NY2d 633; see also, People v Sanders, 56 NY2d 51, 56). I note, however, that my colleagues nonetheless comment upon that claim and I agree with their assertions that, although the disputed statements were obtained after the defendant requested an attorney (see, People v Cunningham, supra), the failure to suppress them does not mandate reversal because any error occasioned by that failure was harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230; see also, People v Sanders, supra). Since I am otherwise in complete agreement with my colleagues, I concur in the determination that the judgment rendered upon retrial should be affirmed.