■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PIERMONT, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered June 14, 1989, convicting him of attempted murder in the second degree, assault in the first degree (three counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who is white, argues that the court improperly disallowed one of his three peremptory challenges to black prospective jurors in this prosecution, *inter alia,* for the attempted murder of a black man. However, the defendant has not provided this court with a record of the voir dire proceedings. Thus, there is no way to review the defendant's claims *(see, People v Childress,* 177 AD2d 498; *People v Campanella,* 176 AD2d 813; *People v Morales,* 126 AD2d 836). Therefore the matter is not properly raised on this appeal *(see, People v Kinchen,* 60 NY2d 772; *People v Robinson,* 159 AD2d 598; *People v Colon,* 138 AD2d 392; *People v Piparo,* 134 AD2d 295).

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power *(see,* CPL 470.15 [5]) we find that the verdict was not against the weight of the evidence. The evidence convincingly established that the defendant assaulted the complainant with a knife, inflicting numerous stab wounds that created a substantial risk of death.

We reject the defendant's contention that he was deprived of a fair trial by reason of the cumulative prejudicial effect of comments made by the prosecutor in her opening statement, summation, and cross-examination. Most of the remarks and questions complained of were not objected to at the trial and thus the defendant's present claims of error with respect thereto are unpreserved for appellate review *(see,* CPL 470.05; *People v Medina,* 53 NY2d 951). Those comments that were

objected to were not so egregious as to have deprived the defendant of a fair trial.

We have considered the defendant's contention that the sentence imposed was excessive and find it to be without merit *(see, People v Farrar,* 52 NY2d 302, 305; *People v Suitte,* 90 AD2d 80). Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.