■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE BOWMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered December 6, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence of concurrent indeterminate terms of 7 to 21 years imprisonment for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and a definite term of one year imprisonment for criminal possession of a controlled substance in the seventh degree.

Ordered that the judgment is modified, on the law, and as a matter of discretion in the interest of justice, by reversing the conviction for criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and by reducing the sentence to concurrent indeterminate terms of 5 to 15 years imprisonment on the remaining counts; as so modified, the judgment is affirmed.

The defendant contends, and the People concede, that his conviction for criminal possession of a controlled substance in the seventh degree should be dismissed since he was also convicted of the greater crime of criminal possession of a controlled substance in the third degree. We agree. On the facts of this case, the defendant could not have committed the crime of criminal possession of a controlled substance in the third degree without also having committed the crime of criminal possession of a controlled substance in the seventh degree. A verdict of guilty as to the greater count is deemed a dismissal of the lesser count *(see,* CPL 300.40 [3] [b]; *People v Reid,* 58 AD2d 611; *People v Holman,* 117 AD2d 534).

Additionally, the defendant contends that the prosecutor's use of peremptory challenges to strike 7 of the 11 black members of the venire was sufficient to establish a prima facie case of racial discrimination in the selection of the petit jury. The defendant's *Batson* claim is not preserved for appellate review. Other than making the initial objections to the prosecutor's exercise of her peremptory challenges, the defense

counsel did not indicate any dissatisfaction with the prosecutor's explanations. After an out-of-court discussion, the defense counsel stated that the prosecutor had "good reasons" for exercising her peremptory challenges. Since he did not seek a further explanation, did not make additional objections, and did not apply for a mistrial, he failed to preserve the issue for appellate review (see, People v Holland, 179 AD2d 822; People v Campanella, 176 AD2d 813; People v Steans, 174 AD2d 582; People v Rosado, 166 AD2d 544). Nor are we inclined to address the claim in the exercise of our interest of justice jurisdiction.

The defendant's sentence is excessive to the extent indicated herein. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.