■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH VALVANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered October 19, 1989, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, including a hearing to determine the defendant's competency.

The court initially found that the defendant was not fit to proceed and did not at any time thereafter determine that the defendant was not an incapacitated person (see, CPL 730.30 [2]). Under these circumstances, since a defendant may not waive his competency to proceed in a criminal action (see, People v Seaberg, 74 NY2d 1, 9), it was error for the court to allow the defendant to enter a plea of guilty.

There is, however, no merit to the defendant's contention that the indictment should be dismissed because the prosecutor deprived him of an uninterrupted opportunity to furnish the Grand Jury with his version of the matters being investigated. Indeed, the occasional interruptions by the prosecutor were warranted in view of the defendant's failure to confine his testimony to the subject of the Grand Jury inquiry (see, CPL 190.50 [5] [b]). Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.