■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SMITH, Appellant. [596 NYS2d 735] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered May 8, 1991, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial on the ground that the prosecutor exercised his peremptory challenges in a racially discriminatory manner is unpreserved for appellate review (see, People v Bowman, 185 AD2d 891; People v Campanella, 176 AD2d 813; People v Steans, 174 AD2d 582). In any event, even assuming that the defendant made a prima facie showing of discriminatory jury selection, the record supports the trial court's conclusion that the prosecutor articulated race-neutral reasons for excusing two black prospective jurors in question (see, Batson v Kentucky, 476 US 79; People v Kern, 75 NY2d 638, cert denied 498 US 824; People v Hernandez, 75 NY2d 350, affd sub nom. Hernandez v New York 500 US —, 111 S Ct 1859; People v McArthur, 178 AD2d 612; People v Howard, 143 AD2d 943; United States v Alvarado, 951 F2d 22). We see no basis to disturb the trial court's decision to credit the explanations proffered by the prosecutor (see, Hernandez v New York, supra).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crime charged.

The defendant's sentence was not excessive in light of his lengthy criminal history (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contention raised in his supplemental pro se brief and find it to be without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.