■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DYCE, Also Known as DAVID JOYCE, Appellant. [601 NYS2d 845] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 16, 1992, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial because the prosecutor improperly exercised a peremptory challenge to exclude a female, black prospective juror *(see, Batson v Kentucky,* 476 US 79) is unpreserved for appellate review *(see, People v Bowman,* 185 AD2d 891, 892; *People v Holland,* 179 AD2d 822, 824; *People v Campanella,* 176 AD2d 813), and we decline to reach this claim in the exercise of our interest of justice jurisdiction.

We have examined the defendant's contention that he was deprived of his right to be present during the impaneling of

the jury when the court conducted side-bar conferences, outside of his presence, with 10 prospective jurors with respect to their ability to be unbiased and impartial *(see,* CPL 260.20; *People v Antommarchi,* 80 NY2d 247), and find it to be without merit *(see, People v Mitchell,* 80 NY2d 519; *cf., People v Sloan,* 79 NY2d 386). Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.