■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BELL, Appellant. [602 NYS2d 647] —Appeal by the defen-

dant from a judgment of the County Court, Nassau County (Wexner, J.), rendered May 31, 1990, convicting him of murder in the second degree (two counts), arson in the first degree, burglary in the second degree, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials and certain physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that the hearing court properly denied suppression of the defendant's oral and written statements to the police and the physical evidence later found in his apartment.

The circumstances leading up to the defendant's initial inculpatory statement were entirely consistent with an investigatory rather than a custodial interview (see, People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851; People v Centano, 76 NY2d 837; People v Bailey, 140 AD2d 356, 358; People v Oates, 104 AD2d 907; cf., People v McIntyre, 138 AD2d 634; People v Travis, 162 AD2d 807). The defendant's statements were not the product of impermissible coercion; neither the conduct of the defendant, nor the conduct of the police, nor the conditions of the interrogation, indicate that those statements were made involuntarily (see, People v Llamas, 186 AD2d 685, 686).

The defendant's waiver of his right to counsel during the investigative interview was effective, notwithstanding that he was represented by counsel on another pending charge at that time (see, People v Bing, 76 NY2d 331; People v Washington, 182 AD2d 791; People v Goodman, 166 AD2d 541).

After the police properly took the defendant's oral and written statements, the defendant voluntarily signed a form consenting to a search of his apartment. That search resulted in the seizure of certain physical evidence. Therefore, the physical evidence was not obtained in violation of the defendant's constitutional rights (see, Miranda v Arizona, 384 US 436; Rhode Is. v Innis, 446 US 291; People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851, supra; People v Bailey, 140 AD2d, supra, at 358).

The defendant's contention that the prosecutor employed three peremptory challenges during jury selection in a racially discriminatory manner (see, Batson v Kentucky, 476 US

79) is unpreserved for appellate review as to two of these challenges *(see,* CPL 470.05 [2]; *People v Bowman,* 185 AD2d 891; *People v Holland,* 179 AD2d 822; *People v Campanella,* 176 AD2d 813). In any event, the claim as to all three is without merit *(see, People v Hopkinson,* 173 AD2d 731; *see also, People v Epps,* 176 AD2d 293; *cf., People v Rodney,* 192 AD2d 626).

We have examined the defendant's remaining contentions and find that they are unpreserved for appellate review or without merit. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.