■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

SHIMEL SMITH, Respondent. [604 NYS2d 260] —Appeal by the People from an order of the Supreme Court, Queens County (Robinson, J.), dated February 4, 1993, which granted that branch of the defendant's omnibus motion which was to dismiss Queens County Indictment No. N13469/92, charging her with criminal sale of a controlled substance in the third degree and unlawful possession of marihuana, to the extent of dismissing the indictment with leave to re-present the matter to another Grand Jury.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

Contrary to the determination of the Supreme Court, the prosecutor who presented the case to the Grand Jury did not repeatedly interfere with the defendant's testimony before the Grand Jury so as to deprive her of "a reasonably fair and uninterrupted opportunity pursuant to CPL 190.50 to first furnish the Grand Jury with [her] own version concerning the matters being investigated" (People v Lerman, 116 AD2d 665, 666; see, CPL 190.50 [5] [b]). The minutes of the Grand Jury proceedings demonstrate that the prosecutor interrupted the defendant on two separate occasions, only when it became clear that the defendant's testimony concerned past events of her personal life which bore no relevance to the matter under investigation. Hence, "the occasional interruptions by the prosecutor were warranted in view of the defendant's failure to confine [her] testimony to the subject of the Grand Jury inquiry" (People v Valvano, 186 AD2d 769; see, People v Halm, 180 AD2d 841, affd 81 NY2d 819; People v Loizides, 125 Misc 2d 537). Moreover, the prosecutor's remarks did not suggest any impropriety on the part of the defendant, or preclude her from giving a full account of her version of the matter, and "[s]he was afforded ample opportunity to give relevant evidence about the events being considered by the Grand Jury and was not pressured by the prosecutor to curtail or confine her testimony" (People v Loizides, supra, at 539; see also, People v Karp, 76 NY2d 1006).

As the defendant correctly concedes, the court erred in concluding that the prosecutor's instructions with respect to the offense of unlawful possession of marihuana were misleading. The charge was not erroneous, and the Grand Jury was adequately instructed on the law (see generally, People v

*Valles,* 62 NY2d 36; *People v Calbud, Inc.,* 49 NY2d 389; *People v Smith,* 192 AD2d 628).

Accordingly, the defendant's motion to dismiss the indictment is denied and the indictment is reinstated. Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.