■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CRUZ, Appellant. [606 NYS2d 291] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered April 1, 1991, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* claim *(see, Batson v Kentucky,* 476 US 79), based upon the Assistant District Attorney's use of peremptory challenges against the majority of black and Hispanic female venirepersons, is not preserved for appellate review. Only after the trial court opined that the prosecutor was "knocking all black women off" did the defense counsel request "that from hereon in" the prosecutor be required to articulate race-neutral reasons for his challenges. On those occasions thereafter when the prosecutor provided such an explanation, the defense counsel did not indicate any dissatisfaction with the explanation. Moreover, at no time prior to the swearing-in of the jury did the defense counsel object to the court's rulings, nor did he press the issue by requesting a hearing or moving for a mistrial. Given these circumstances, we find that the *Batson* issue is not preserved for appellate review *(see, People v Holland,* 179 AD2d 822; *People v Campanella,* 176 AD2d 813; *People v Steans,* 174 AD2d 582; *People v Rosado,* 166 AD2d 544), and we decline to reach it in the exercise of our interest of justice jurisdiction.

Although an isolated statement in the court's charge to the

jury could have been construed as an adverse comment on the defendant's post-arrest silence, we find that, under the facts of this case, there is no reasonable possibility that but for the error, the defendant would have been acquitted. The error was, therefore, harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.