■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HOLMES, Appellant. [618 NYS2d 836] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered December 18, 1991, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the prosecutor's exercise of peremptory challenges against potential black female jurors, and the appeal is held in abeyance in the interim; the Supreme Court, Kings County is to file its report with all convenient speed.

The defendant contends that his equal protection rights were violated when the prosecutor exercised either eight or nine of ten peremptory challenges against black women. We hold, pursuant to *Batson v Kentucky* (476 US 79), that the trial court erred in not requiring the prosecutor to offer race-neutral explanations for these challenges.

The defense counsel, during the voir dire of the third panel of potential jurors, objected to the prosecutor's use of his ninth and tenth peremptory challenges against black women. The record reflects that the prosecutor exercised either eight or nine of his ten peremptory challenges against black women. Such a disproportionate use of peremptory challenges against black women raised an inference of discriminatory motives on the part of the prosecutor, shifting the burden to him to provide race-neutral reasons for his challenges *(Batson v Kentucky, supra,* at 97).

In the instant case, the defendant timely objected to the exclusion of these black venirewomen. The court should have required the prosecutor to provide race-neutral reasons for his exercise of the peremptory challenges. Since the court failed to do so, the matter must be remitted to the Supreme Court to afford the People the opportunity to offer race-neutral reasons for the challenges *(see, People v Jenkins,* 75 NY2d 550; *People v Blunt,* 162 AD2d 86).

No other issue is addressed at this juncture. Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.