■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HOLMES, Appellant. [624 NYS2d 205] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered December 18, 1991, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated November 14, 1994, the matter was remitted to the Supreme Court, Kings County, to hear and report on the issue of the prosecutor's exercise of peremptory challenges, and the appeal was held in abeyance pending the hearing *(People v Holmes,* 209 AD2d 543). The Supreme Court has now filed its report.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's contention that the prosecutor failed to prove that he used a dangerous object is unpreserved for appellate review (CPL 470.05 [2]; *People v Johnson,* 169 AD2d 779; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defense counsel, during the voir dire of the third panel of potential jurors, objected to the prosecutor's use of his ninth and tenth peremptory challenges against black women. The record reflects that the prosecutor exercised either eight or nine of his ten peremptory challenges against black women. Such a disproportionate use of peremptory challenges raised an inference of discriminatory motives on the part of the prosecutor, shifting the burden to him to provide race-neutral

reasons for his challenges *(Batson v Kentucky,* 476 US 79, 97). The court should have required the prosecutor to provide race-neutral reasons for his exercise of the peremptory challenges. Since the court failed to do so, the matter was remitted to the Supreme Court to afford the People the opportunity to offer race-neutral reasons for the challenges *(see, People v Holmes, supra).* Since the prosecutor has been unable to provide race-neutral explanations for the peremptory challenges, we find that the constitutional rights of the defendant and the excluded venirepersons were violated *(see, People v Jenkins,* 75 NY2d 550, 557), and a new trial is warranted. Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.