■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE HOLMAN, Appellant. [633 NYS2d 801] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered May 18, 1993, convicting him of criminal possession of stolen property in the third degree and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no basis in the record to disturb the trial court's determination that the explanations proffered by the prosecutor for her peremptory challenges of five black women were race neutral *(see, People v Allen,* 86 NY2d 101; *People v Bennett,* 206 AD2d 382; *People v Dixon,* 202 AD2d 12; *People v McArthur,* 178 AD2d 612; *People v Hopkinson,* 173 AD2d 731). The defendant's current challenge to the reasons as pretextual is not preserved for this Court's review because the defendant failed to advance this argument before the trial court *(see, People v Holman,* 216 AD2d 488; *People v Cruz,* 200 AD2d 581).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Finally, we perceive of no basis to refuse to honor the

defendant's knowing, intelligent, and voluntary waiver of his right to appeal certain trial rulings, made after the jury verdict, which the trial court acknowledged might be reversible, in exchange for a lesser sentence *(see, People v Avery,* 85 NY2d 503; *People v Seaberg,* 74 NY2d 1).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Miller and Copertino, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment appealed from and to order a new trial, with the following memorandum: I do not agree that there is "no basis to refuse to honor" the defendant's waiver of his right to appellate review of certain trial rulings in exchange for a lesser sentence. A waiver by a defendant in a criminal case of the right to appellate review of certain issues may be enforced only if the waiver does not "implicate society's interest in the integrity of criminal process" *(People v Seaberg,* 74 NY2d 1, 9), and does not affect any "important public policies or societal interests" *(People v Callahan,* 80 NY2d 273, 277). Where the adjudication of guilt is by jury verdict, the waiver of the right to appellate review of certain trial rulings which may have affected the jury's verdict casts doubt on the validity of the fact-finding process, and whether the defendant is in fact a law violator *(People v Seaberg, supra,* at 7). If the trial court concludes that it has committed error which would warrant reversal or modification of the judgment as a matter of law, the proper procedure is to set aside the verdict *(see,* CPL 330.30 [1]), whereupon the defendant may, if so advised, elect to plead guilty in exchange for the promise of a lesser sentence.

In the instant case, the defendant's defense was that he was a mere passenger in the vehicle with no knowledge that it was stolen. The People on their direct case, and over the defendant's objection, introduced in evidence against him, selected portions of the defendant's testimony at a prior trial, omitting exculpatory portions which would have supported his defense. The law is well-settled that the defendant "was entitled to have the entirety of the admissions, both the inculpatory and the exculpatory portions, placed in evidence before the trier of facts" *(People v Dlugash,* 41 NY2d 725, 736).

Further, although the People's theory of the case, set forth in their bill of particulars, was that the "defendant was driving" the stolen car "without the permission or authority of the owner", the trial court, over the defendant's objection, charged the jury that it could find the defendant guilty "without believing necessarily that defendant was driving the car. He could

have been sitting in the back of the car". The People concede this instruction was given "without any warning to either party", and was erroneous, since "there was insufficient evidence to support a conviction based upon the theory that defendant was a passenger in joint possession of the stolen car" *(see, People v Rivera,* 82 NY2d 695).

The trial court denied the defendant's motion to set aside the verdict on those grounds, but prior to sentencing, elicited from the defendant a waiver of his right to assert those issues on appeal in exchange for a promised sentence of two concurrent terms of one year imprisonment. In so doing, the court noted that the agreement was "promised by" the People and adopted by the court as its own. The court further acknowledged that it would impose a sentence of "a year in jail in consideration for the waiver of right to appeal" and not "for compassion * * * that I do not possess". Thus, it is clear from the record that the court imposed a lesser sentence in exchange for a waiver by the defendant of the right to raise issues on appeal which were considered meritorious.

In my view, under the circumstances of this case, the aforementioned allegations of error were indeed meritorious, and warrant reversal. The defendant's waiver of his right to appellate review of those issues cannot be enforced, because enforcement would be contrary to "society's interest in the integrity of criminal process" *(People v Seaberg,* 74 NY2d 1, 9, *supra).*