■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON MANSWELL, Appellant. [636 NYS2d 383] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garson, J.), rendered June 8, 1993, convicting him of criminal sale of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the third degree (six counts), criminal possession of a controlled substance in the fifth degree, and criminal possession of a con- trolled substance in the seventh degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the prosecutor's exercise of the four remaining peremptory challenges against potential black or hispanic jurors, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

During jury selection the defendant contended that his equal protection rights were violated when the prosecutor used eight peremptory challenges to strike either hispanic or black members of the venire *(see, Batson v Kentucky,* 476 US 79; *People v Garcia,* 217 AD2d 119; *People v Barnes,* 198 AD2d 289). Thereafter the prosecutor provided reasons she believed were race-neutral for four of the eight contested challenges. However, before the prosecutor could provide reasons for the remaining four challenges, the court found that the prosecutor had met her "cause" and overruled the defendant's objection.

We find that insofar as the "presumption of purposeful racial discrimination remained unrebutted as to several potential jurors", the court improperly relieved the prosecutor from of- fering any explanation as to the remaining challenges *(People v Brown,* 193 AD2d 611, 612). The court should have required the prosecutor to articulate her reasons for challenging the remaining four venire persons rather than summarily overrul-

ing the defendant's objection based on, *inter alia*, the prosecutor's non "racially motivated * * * valid reasons" for challenging four of the eight panelists.

The prosecutor argues on appeal that the defendant failed to make out the prima facie case of discrimination needed to trigger a *Batson* inquiry. It is well settled, however, that where, as here, counsel proffers race-neutral explanations for peremptory challenges without raising an objection as to whether a prima facie case of discrimination has been established, and the court rules as to the validity of those explanations, this issue becomes academic *(see, Hernandez v New York,* 500 US 352; *People v Thomas,* 210 AD2d 515; *People v Jones,* 204 AD2d 485).

Accordingly, the matter is remitted for an evidentiary hearing where the prosecutor shall articulate reasons for the remaining challenges, during which time the appeal from the judgment of conviction will be held in abeyance *(see, People v Holmes,* 209 AD2d 543; *People v McDougle,* 203 AD2d 593). Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.