■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SELMA RUTH WARD, Appellant. [643 NYS2d 144] —Appeal by defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered September 16, 1992, convicting her of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that she was denied the right to be present at a material stage of her trial when, in her absence, the court conducted a sidebar discussion with a prospective juror concerning his familiarity with a particular area of Queens where he lived and where it is claimed the crime occurred. The questioning of the juror did not involve any knowledge on his part of any facts of this case, as occurred in *People v Sloan* (79 NY2d 386), but rather dealt with his background, his ability to weigh the evidence objectively, and the possible presence of any bias, hostility, or predisposition to believe or discredit the testimony of potential witnesses, as set forth in *People v Antommarchi* (80 NY2d 247). Therefore, contrary to the defendant's claim on this appeal, this case does not implicate the principles set forth in *Sloan*. Moreover, *Antommarchi* is to be applied only prospectively from October 27, 1992 (*People v Mitchell*, 80 NY2d 519). Since the sidebar and voir dire in this case took place between August 3 and August 5, 1992, *Antommarchi* is not applicable and affords no relief to the defendant.

The defendant has failed to preserve for appellate review her contention that the race-neutral reason proffered by the prosecutor in support of her peremptory challenge of a prospective black juror was pretextual (*see,* CPL 470.05 [2]; *People v McCargo*, 226 AD2d 480; *People v Holman*, 221 AD2d 469; *People v Holman*, 216 AD2d 488; *People v Cruz*, 200 AD2d 581; *People v Bowman*, 185 AD2d 891). In any event, we find no basis in the record for disturbing the trial court's determination that the reason proffered by the prosecutor was race neutral (*see, Batson v Kentucky*, 476 US 79; *People v Allen*, 86 NY2d 101; *see generally, People v Jones*, 88 NY2d 172; *cf., People v Richie*, 217 AD2d 84). Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.