■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WALL, Appellant. [669 NYS2d 945] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Roman, J.), rendered March 9, 1995, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence under Indictment No. 3836/93, upon a jury verdict, and (2) an amended judgment of the same court, also rendered March 9, 1995, revoking a sentence of probation previously imposed by the same court upon a finding that the defendant had violated a condition thereof, upon his admission, and imposing sentence of imprisonment upon his prior conviction for criminal sale of a controlled substance in the fifth degree under Indictment No. 12167/89.

Ordered that the judgment and amended judgment are affirmed.

The defendant failed to preserve for appellate review his contention that the race-neutral reasons proffered by the prosecutor in support of his peremptory challenges of two prospective black jurors were pretextual (*see, People v Ward,* 227 AD2d 508, 509; *People v Holman,* 221 AD2d 469; *People v Holman,* 216 AD2d 488, *affd* 89 NY2d 876; *People v Cruz,* 200 AD2d 581; *People v Bowman,* 185 AD2d 891). In any event, we find no basis in the record for disturbing the trial court's determination that the reasons proffered by the prosecutor were race neutral (*see, Batson v Kentucky,* 476 US 79; *People v Allen,* 86 NY2d 101; *see generally, People v Jones,* 88 NY2d 172).

The defendant's claim that the evidence was not legally sufficient to support his conviction for tampering with physical evidence is not preserved for appellate review as he failed to

raise before the trial court the specific ground that he now raises on appeal (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of tampering with physical evidence beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80, 85).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.