■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARSHA ULMER, Appellant. [687 NYS2d 265] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered June 11, 1997, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARARAHEEM WILLIAMS, Appellant. [687 NYS2d 266] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered December 7, 1995, convicting him of murder in the second degree, robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* claim is unpreserved for appellate review, as the defense counsel did not object when the court proposed a solution to both his *Batson* claim and the prosecutor's reverse *Batson* claim (*see, People v Rosado,* 166 AD2d 544, 545). In any event, even if this Court were inclined to review the issue in the exercise of our interest of justice jurisdiction, the incompleteness of the record precludes this Court from determining whether a prima facie showing of discrimination was made out (*see, e.g., People v Holland,* 179 AD2d 822, 824).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.