■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Appellant. [698 NYS2d 43] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Rutledge, J.), both rendered December 13, 1995, convicting him of robbery in the first degree (two counts) and robbery in the second degree (three counts) under Indictment No. 838/94, and robbery in the first degree (three counts) and robbery in the second degree (two counts) under Indictment No. 3792/94, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion under both indictments which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgments are affirmed.

The hearing court properly denied suppression of the gun recovered from the car the defendant was driving since the police possessed probable cause to believe that the car contained evidence relating to a crime, thus rendering legal the search of the interior of the car without a search warrant (*see, People v Orlando,* 56 NY2d 441; *People v Matias,* 251 AD2d 351).

The defendant's claim pursuant to *Batson v Kentucky* (476 US 79) premised on the prosecutor's use of peremptory challenges to strike eight black prospective jurors is not preserved for appellate review (*see, People v Allen,* 86 NY2d 101, 111; *People v Caston,* 239 AD2d 355; *People v Steans,* 174 AD2d 582). In any event, the absence of a complete record of the voir dire precludes any finding as to the defendant's establishment of a prima facie case of purposeful discrimination (*see, People v Williams,* 260 AD2d 651; *People v Campanella,* 176 AD2d 813; *People v Morales,* 126 AD2d 836).

The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit. Bracken, J. P., McGinity and Schmidt, JJ., concur.

Goldstein, J., dissents and votes to remit the matter to the Supreme Court, Queens County, for a hearing on whether there were race-neutral reasons for excluding prospective jurors Jerome B., Margaret H., and Renard M., and to hold the appeal in abeyance in the interim, with the following memorandum: At the trial, the defense counsel made a prima facie showing that the prosecutor engaged in purposeful discrimination when

he used peremptory strikes against prospective black jurors who, "because of their background and experience, might otherwise be expected to be favorably disposed to the prosecution" (*People v Childress,* 81 NY2d 263, 267). Indeed, the court noted that it "had noticed [the prosecutor] was selecting people of color predominantly" to challenge peremptorily.

In response to the defendant's *Batson* claim, the record revealed that scheduling difficulties may have justified the peremptory challenge of two of the black prospective jurors, and the defense counsel conceded that there was a race-neutral reason for excluding a third black prospective juror.

With respect to the four remaining black prospective jurors who were stricken, the prosecutor provided a race-neutral reason for striking only one of them, and no reasons were provided for challenging the prospective jurors Jerome B., Margaret H., and Renard M.

The court found that there was not "necessarily any purposeful discrimination", and directed the defense counsel not to "waste any more time" on additional argument. Accordingly, the defendant's claim pursuant to *Batson v Kentucky* (476 US 79) was properly preserved for appellate review (*see, People v Allen,* 86 NY2d 101, 111). Thereafter, the court asked the prosecutor his reason for excluding yet another black prospective juror, and denied the defendant's *Batson* claim yet again.

Once the prosecutor offered race-neutral reasons for the exercise of his peremptory challenges, and the court ruled on the ultimate question of intentional discrimination, the question of whether the defendant established a prima facie case became moot (*see, People v Payne,* 88 NY2d 172, 182), and the question before the trial court and this Court is whether or not the race-neutral explanations provided were pretextual (*see, People v Payne, supra,* at 181; *People v Manswell,* 223 AD2d 561). Since no reasons are provided for the challenge to the prospective jurors Jerome B., Margaret H., and Renard M., the matter must be remitted to the Supreme Court, Queens County, for a hearing on the prosecutor's basis for challenging those jurors. If the prosecutor is unable to provide reasons for excluding even one black prospective juror, that failure in and of itself is dispositive of the *Batson* issue, since it is improper to exclude "even one member of a group for racial reasons" (*People v Childress, supra,* at 267; *People v Manswell, supra; People v Brown,* 193 AD2d 611).