THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DAVIS, Appellant. [771 NYS2d 712]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered September 19, 2002, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the third degree, assault in the second degree (two counts), and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim pursuant to *Batson v Kentucky* (476 US 79 [1986]) premised on the prosecutor's use of peremptory challenges to strike a black prospective juror is not preserved for appellate review (*see People v Allen,* 86 NY2d 101, 111

[1995]; *People v Hernandez,* 266 AD2d 311 [1999]). In any event, the absence of a complete record of the voir dire precludes any finding that the defendant established a prima facie case of purposeful discrimination (*see People v Hernandez, supra; People v Williams,* 260 AD2d 651 [1999]; *People v Campanella,* 176 AD2d 813 [1991]; *People v Morales,* 126 AD2d 836 [1987]).

Further, the absence of a stenographic record does not, per se, require reversal of a defendant's conviction. Reversal is only required if the defendant is prejudiced by the absence of a stenographic record. Under the circumstances of this case, reversal is not warranted as the defendant failed to demonstrate that he was prejudiced by the absence of the minutes from a bench conference (*see People v Harrison,* 85 NY2d 794, 796 [1995]; *People v Glass,* 43 NY2d 283, 286 [1977]; *People v Eddins,* 247 AD2d 548 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.