Jose **HERNANDEZ**, Petitioner–Appellant,

v.

Charles **GREINER**, Respondent–Appellee.

Docket No. 04–1517–PR.

United States Court of Appeals, Second Circuit.

Argued: Feb. 23, 2005.

Decided: July 1, 2005.

---

Patrick J. Walsh, New York, N.Y. (Moses Silverman, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y., on the brief), for Petitioner–Appellant.

Donna Aldea, Asst. District Atty., Kew Gardens, N.Y. (Richard A. Brown, District Atty., John M. Castellano, Asst. District Atty., Kew Gardens, N.Y., on the brief), for Respondent–Appellee.

Before: NEWMAN, LEVAL, and CABRANES, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This appeal of the denial of a writ of habeas corpus endeavors to present the issue of whether the Sixth Amendment/due process right to counsel applies to a discretionary appeal from an intermediate state appellate court to a state's highest court after a state court has exercised its discretion to grant leave to appeal. Jose Hernandez appeals from the March 1, 2004, judgment of the District Court for the Eastern District of New York (Frederic Block, District Judge) denying his habeas corpus petition to challenge his New York state court conviction for armed robbery. He contends that his state court appellate counsel provided ineffective assistance of counsel by failing timely to file required papers, an omission that resulted in the dismissal of his appeal to the New York Court of Appeals. We conclude that a rule applying a constitutional right to counsel to a discretionary appeal after leave to appeal has been granted would be a "new rule" within the meaning of *Teague v. Lane*, 489 U.S. 288, 299–300, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion), which may not be applied to a collateral attack of a state court conviction. We therefore affirm.

## Background

In January 1994, Petitioner–Defendant Jose Hernandez was arrested, along with a co-defendant, and charged with armed robberies of two bars in Queens. *See Hernandez v. Greiner*, 305 F.Supp.2d 216, 218 (E.D.N.Y.2004). He confessed that he had committed the robberies. *Id.* During jury selection in October 1995, Hernandez objected, pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the prosecutor's peremptory challenges of African–American jurors. The trial judge ruled against the objection. Hernandez was convicted on the robbery counts and was sentenced in December 1995.

In February 1996, Hernandez made a motion under N.Y. Crim. Proc. Law § 440.10 (McKinney 1994) to vacate his conviction on grounds not pertinent to the pending appeal. The motion was denied in September 1996, and Hernandez began his appeal to the Appellate Division.

In September 1997, Azra Rayches Feldman was appointed appellate counsel for Hernandez. In November 1999, the Appellate Division affirmed the conviction, ruling that the *Batson* claim was "not preserved for appellate review" and that "the absence of a complete record of the [jury] voir dire preclude[d] any finding as to the defendant's establishment of a prima facie case of purposeful discrimination." *People v. Hernandez,* 266 A.D.2d 311, 311, 698 N.Y.S.2d 43, 43 (2d Dep't 1999). Feldman sought permission to take a discretionary appeal to the Court of Appeals, *see* N.Y. C.P.L.R. 5602 (McKinney 1995), and a justice of the Appellate Division granted leave to appeal on January 10, 2000. *People v. Hernandez,* 94 N.Y.2d 927, 708 N.Y.S.2d 367, 729 N.E.2d 1166 (2000).

Hernandez received the notice that leave had been granted and so informed his attorney, but the attorney, inexplicably ignoring her client's report that leave had been granted by the Appellate Division, responded that the time it takes the Court of Appeals to grant leave varies and that she would inform him when she received a decision on leave to appeal.

The rules of the Court of Appeals, applicable at that time, require the filing of a jurisdictional statement within 10 days from the date an appeal is taken, *see* N.Y. Comp. Codes R. & Regs. tit. 22, § 500.2(a)(2005), and further provide that an appeal will be dismissed if the record and the appellant's brief is not filed within 80 days from the date an appeal is taken, *see id.* § 500.9(a). On May 2, 2000, well beyond the 10–day limit and the 80–day limit, the attorney filed a jurisdictional statement with the Court of Appeals. She claimed that she had not received notice that leave to appeal had been granted, acknowledged that the appeal was going to be dismissed for failure to meet the 80–day time limit, and advised that she would be

filing a motion to vacate the dismissal order. As she anticipated, the Court of Appeals dismissed the appeal for want of prosecution on May 9, 2000. *See People v. Hernandez,* 95 N.Y.2d 792, 711 N.Y.S.2d 158, 733 N.E.2d 230 (2000). In July 2000, Feldman filed a motion to vacate the order of dismissal, which was denied in September 2000. *See People v. Hernandez,* 95 N.Y.2d 885, 715 N.Y.S.2d 375, 738 N.E.2d 779 (2000).

Hernandez filed an application for writ of error *coram nobis* in the Appellate Division, claiming that he had received ineffective assistance of counsel. The Appellate Division denied his application in March 2001, saying, "The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987)." *People v. Hernandez,* 281 A.D.2d 560, 721 N.Y.S.2d 842 (2d Dep't 2001).

In April 2001, Hernandez filed this habeas corpus petition in the District Court. Pertinent to this appeal, he claimed that jurors were disqualified on the basis of race, in violation of *Batson,* and that any procedural default concerning this claim occurred because he received ineffective assistance of counsel on his appeal to the Court of Appeals. The District Court denied the petition, ruling that the *Batson* claim was procedurally defaulted and that the Petitioner could not use ineffective assistance of counsel as cause to excuse the default because he did not have a constitutional right to effective assistance of counsel on a discretionary appeal. However, the Court granted a Certificate of Appealability as to the following question:

Whether a federal district court in a habeas proceeding under § 2254 has jurisdiction to relieve a criminal appellant from his counsel's procedural default in failing to timely attend to a ministerial filing requirement to preserve an as of

right appeal to the State's highest court after leave to appeal has been granted by the State?

*Hernandez*, 305 F.Supp.2d at 228–29.

### Discussion

We will assume that the failure of counsel for Hernandez to perfect his appeal to the Court of Appeals "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), thereby satisfying the first prong of the *Strickland* test for ineffective assistance of counsel, and that the lack of constitutionally required effective assistance of counsel would constitute sufficient cause to excuse the procedural default in the presentation of the Appellant's *Batson* claim. Although the State presents several arguments why the *Batson* claim is unavailing, we will confine our consideration to the issue framed by the Certificate of Appealability—the availability of a right to the effective assistance of counsel on a discretionary second-level appeal after leave to take such an appeal has been granted. That issue obliges us to examine two matters: (1) the state of the law concerning effective assistance of counsel beyond an initial appeal as of right and (2) whether obliging a state to assure the effective assistance of counsel on a second-level discretionary appeal after leave to take such an appeal has been granted would constitute a "new rule" within the meaning of *Teague*.

(a) *Case law on second-level appeals.* Although the Supreme Court has established that there is a right to the effective assistance of counsel on a first-level appeal as of right, *see Douglas v. California*, 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Court has not ruled definitively on a right to counsel on a discretionary second-level appeal after leave to take such an appeal has been granted. In 1974, the Court ruled that there is no constitutional right to counsel on a discretionary appeal to a state's highest court. *See Ross v. Moffitt*, 417 U.S. 600, 610–12, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The discretionary appeal in *Ross* was a second-level appeal after a conviction had been affirmed by a first-level appellate court. *See id.* at 602, 94 S.Ct. 2437. That holding left open the possibility that a right to counsel would attach to an appeal of right to a state's highest court, even if such an appeal was a second-level appeal after a first-level appeal to an intermediate appellate court. However, the Court has subsequently used language, albeit dicta, that casts at least doubt on a right to counsel on any second-level appeal. "Our cases establish that the right to appointed counsel extends to the first appeal of right, *and no further.*" *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (emphasis added). "This right to counsel is limited to the first appeal as of right." *Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). These statements strongly suggest that there is no right to counsel on any appeal beyond a first-level appeal as of right, whether the second-level appeal is discretionary or even of right. That appears to be the way our Circuit has understood *Lucey:* "The [Supreme] Court has stated that the right to counsel extends only to a first appeal as of right." *Chalk v. Kuhlmann*, 311 F.3d 525, 528 (2d Cir.2002) (citing *Lucey* ). This is also the view of the Ohio Supreme Court. *See State v. Hutton*, 100 Ohio St.3d 176, 186, 797 N.E.2d 948 (2003); *State v. Buell*, 70 Ohio St.3d 1211, 639 N.E.2d 110 (1994).

Also pertinent to our issue is the Supreme Court's decision in *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). The Court held that habeas corpus relief may not be granted to a petitioner whose counsel failed to file a

timely application for a discretionary appeal to a state's highest court, after his conviction had been affirmed by a first-level appellate court. Citing *Ross,* the Court stated, "Since [the habeas petitioner] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel." *Id.* at 587–88, 102 S.Ct. 1300.

The Supreme Court recently shed further light on the matter in *Halbert v. Michigan,* —— U.S. ——, 125 S.Ct. 2582, —— L.Ed.2d —— (2005). *Halbert* was before the Supreme Court on direct review. The Court ruled that counsel must be made available to an indigent defendant on a first-level discretionary appeal, at least where the discretion guiding grant or denial depends on the merits of the claim, rather than the importance of the question. *Id.* at 2590. Contrasting such a defendant's situation with that of the defendant in *Ross,* who sought appointed counsel for a second-level discretionary appeal, the Court noted that the defendant in *Ross* had the assistance of counsel on his first-level appeal, had the benefit of an attorney's brief on his first level appeal, and was armed with an opinion from the first-level appellate court. *See id.* at 2591–92. The Court considered the absence of these benefits to weigh in favor of requiring counsel at a first-level discretionary appeal. An available inference from this reasoning is that the presence of these factors after a first-level appeal indicates that counsel is not required for a second-level discretionary appeal, even after leave for such an appeal has been granted.

Thus, the existence of a constitutional right to counsel on a second-level appeal is in doubt; the existence of the right on a *discretionary* second-level appeal is still further in doubt; and it is only slightly less doubtful that the right exists as to a second-level appeal available to a litigant after judicial discretion has been exercised to permit such an appeal.

 (b) *The "new rule" issue.* A federal habeas corpus court normally may not apply a "new rule" within the meaning of *Teague* to upset a state court conviction. *See O'Dell v. Netherland,* 521 U.S. 151, 156–57, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997); *Lambrix v. Singletary,* 520 U.S. 518, 527, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997); *Teague,* 489 U.S. at 310, 109 S.Ct. 1060. A rule is "new" within the meaning of *Teague* "if it 'breaks new ground,' 'imposes a new obligation on the States or the Federal Government,' or was not *'dictated* by precedent existing at the time the defendant's conviction became final.'" *Graham v. Collins,* 506 U.S. 461, 467, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (quoting *Teague,* 489 U.S. at 301, 109 S.Ct. 1060) (emphasis in original). There are two limited exceptions to *Teague.* The first applies to new rules "forbidding criminal punishment of certain primary conduct" or "prohibiting a certain category of punishment for a class of defendants because of their status or offense." *See O'Dell,* 521 U.S. at 157, 117 S.Ct. 1969 (quoting *Penry v. Lynaugh,* 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), *abrogated on other grounds, Atkins v. Virginia,* 536 U.S. 304, 306, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)). The second applies to " 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *O'Dell,* 521 U.S. at 157, 117 S.Ct. 1969 (quoting *Graham,* 506 U.S. at 478, 113 S.Ct. 892 (quoting *Saffle v. Parks,* 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990), and *Teague,* 489 U.S. at 311, 109 S.Ct. 1060)). Neither exception would apply to a rule requiring counsel on a second-level discretionary appeal after leave to take such an appeal was granted.

In the pending case we rule that requiring counsel on a second-level discretionary appeal after permission to take such an appeal has been granted would be a "new rule" within the meaning of *Teague*. Without deciding whether such a rule is required by the Constitution, we conclude that such a rule may not be applied to grant habeas corpus relief.

### Conclusion

Accordingly, the judgment of the District Court is affirmed.