■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEWEY BOZELLA, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Vogt, J.), rendered January 9, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the case is remitted to the County Court, Dutchess County, to hear and report on the prosecutor's exercise of peremptory challenges and the appeal is held in

abeyance in the interim. The County Court is to file its report with all convenient speed.

Following the completion of jury selection, defense counsel moved for a mistrial, arguing that the prosecutor exercised peremptory challenges in order to remove five out of six black members of the venire. The sixth black member had been removed due to a medical condition. Although the prosecutor responded that he had reasons for the exercise of peremptory challenges which were not founded upon race, the court concluded that such a showing was unnecessary and denied the defendant's motion.

Under the circumstances, the defendant made out a prima facie case of racial discrimination. When such a prima facie case is made out the prosecutor must articulate the reasons for challenging the black veniremen (see, Batson v Kentucky, 476 US 79; People v Scott, 70 NY2d 420; People v Howard, 128 AD2d 804, appeal after remittur 143 AD2d 943).

Although Batson v Kentucky (supra) was not yet decided when this case was tried, it must be given retroactive application (Griffith v Kentucky, 479 US 314). Accordingly, the matter is remitted for an evidentiary hearing, while we hold the appeal from the judgment of conviction in abeyance. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.