■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MILES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered July 28, 1986, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

On appeal, the defendant claims that the prosecutor improperly exercised peremptory challenges to secure the removal of the only two black jurors on the jury panel, thereby creating a *Batson* issue *(Batson v Kentucky,* 476 US 79).

Assuming, arguendo, that the defendant made a prima facie showing that the prosecutor's challenges were used for discriminatory purposes *(see, People v Scott,* 70 NY2d 420, 423,

425-426), we nevertheless find that the defendant's showing was sufficiently rebutted by the prosecutor's articulation of race-neutral explanations for the exercise of the two peremptory challenges in question *(see, e.g., People v Baysden,* 128 AD2d 795; *People v Cartagena,* 128 AD2d 797).

The defendant further alleges that the court erred in denying his motion pursuant to CPL 330.30 to set aside the jury verdict on the ground, *inter alia,* that the prosecution improperly withheld evidence favorable to the defense in violation of the constitutional requirement that any exculpatory evidence in the prosecution's possession be disclosed *(see, Brady v Maryland,* 373 US 83). We disagree. Contrary to the defendant's contentions, we do not find that the prosecution was in possession of any previously undisclosed *"Brady* material."

A review of the pretrial proceedings and the trial demonstrates that the defendant did receive "meaningful representation" by the defense counsel *(People v Baldi,* 54 NY2d 137, 147; *People v Lawton,* 134 AD2d 454).

We have considered the defendant's remaining contentions, including those raised by his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Eiber, Sullivan and Balletta, JJ., concur.