■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BENSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered September 29, 1988, convicting him of robbery in the second degree, burglary in the second degree, grand larceny in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of peremptory challenges against black potential jurors, and the appeal is held in abeyance in the interim; the Supreme Court, Queens County, is to file its report with all convenient speed.

The records reveal that during jury selection, the defendant's counsel repeatedly objected to the prosecutor's exercise of peremptory challenges to exclude black members of the venire and contended that such challenges were being exercised in a discriminatory pattern in violation of *Batson v*

*Kentucky* (476 US 79). While the record is somewhat unclear, it appears that the prosecutor peremptorily challenged either five or six of the nine or 10 black venirepersons. The Supreme Court summarily rejected the defendant's claim without requiring the prosecutor to state on the record the reasons for the exclusion of each black potential juror.

Under the circumstances presented, the defendant adequately made out a prima facie case of racial discrimination *(see, People v Jenkins,* 75 NY2d 550; *People v Bozella,* 150 AD2d 471). Accordingly, the matter is remitted for a hearing concerning the reasons for the exercise of peremptory challenges against black potential jurors, and the appeal from the judgment of conviction is held in abeyance in the interim.

We find unpersuasive the defendant's contention that his right to be present at a material stage of his trial was violated because he was not present at an in-chambers conference regarding the exercise of challenges to potential jurors. The Court of Appeals has held that such a conference does not constitute a material part of trial at which a defendant must be present *(see, People v Velasco,* 77 NY2d 469). Inasmuch as the defendant had an opportunity to consult with his counsel prior to the making of challenges, and the *voir dire* and recording of challenges were performed in open court in his presence, his right to be present was not compromised *(see, People v Velasco, supra).*

Similarly unavailing is the defendant's claim that he was denied *Rosario* material by the prosecution *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). An examination of the telephone call log sheet in question demonstrates that it does not constitute *Rosario* material.

Finally, we discern no error in the trial court's marshaling of the alibi evidence in this case. However, even if we were to conclude that the court should have given the jury the supplemental marshaling requested by the defendant, we nevertheless would find the refusal to do so harmless under the circumstances of this case. Bracken, J. P., Kunzeman, Sullivan and Eiber, JJ., concur.