■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS NEWMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 23, 1989, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal is held in abeyance in the interim. The Supreme Court is to file its report with all convenient speed.

We agree with the defendant's contention that he established, prima facie, that the prosecutor exercised his peremptory challenges in a racially discriminatory manner *(see, Batson v Kentucky,* 476 US 79; *People v Jenkins,* 75 NY2d 550;

*People v Mack,* 143 AD2d 280). The prosecutor in this case was apparently prepared for defense counsel's application as he was ready to explain why he had used six of his eight peremptory challenges to strike black venirepersons from the petit jury. The Supreme Court, however, determined that explanations were not necessary, apparently based upon the court's mistaken conclusion that *Batson* analysis was inapposite to a case, such as at bar, where both the defendant and the complainant were black. Thus, the prosecutor was never afforded the opportunity, which he sought, to explain his use of peremptory challenges himself *(see, People v Jenkins, supra; People v Bozella,* 150 AD2d 471; *People v Howard,* 128 AD2d 804). The Supreme Court's determination of this matter was erroneous *(cf., Powers v Ohio,* 499 US —, 111 S Ct 1364) as the pattern of the prosecutor's peremptory challenges gave rise to a prima facie inference that the prosecutor had challenged these venirepersons on the basis of their race *(see, People v Blunt,* 162 AD2d 86). Accordingly, the matter is remitted for an evidentiary hearing for the prosecutor to offer race-neutral explanations for his challenges, if he is able to do so *(see, People v Miles,* 161 AD2d 672; *People v Bush,* 157 AD2d 736), pending which the appeal from the judgment of conviction is held in abeyance *(see, People v Levon,* 166 AD2d 670; *People v Sandy,* 150 AD2d 625). Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.