■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE REED, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 13, 1989, convicting him of resisting arrest (two counts), assault in the second degree, and unlawful possession of marihuana under Indictment Number 3418/88, upon a jury verdict, and imposing sentence, and (2) two amended judgments of the Supreme Court, Queens County (Cohen, J.), both rendered August 24, 1989, revoking sentences of probation previously imposed by the same court upon a

finding that he violated conditions thereof, after a hearing, and imposing sentences of imprisonment upon his previous convictions of criminal possession of a controlled substance in the fourth degree under Indictment Number 4645/84 and attempted criminal possession of a controlled substance in the third degree under Indictment Number 274/85.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of peremptory challenges against black potential jurors at the trial of Indictment Number 3418/88, and the appeals are held in abeyance in the interim; the Supreme Court, Queens County, is to file its report with all convenient speed.

During jury selection, the defendant's counsel objected to the prosecutor's exercise of peremptory challenges. It appears that the prosecutor used 5 of his 7 peremptory challenges to exclude 5 out of 8 black venire persons, which was sufficient to establish, prima facie, that the prosecutor exercised his peremptory challenges in a racially discriminatory manner *(see, People v Newman,* 173 AD2d 743). The Supreme Court rejected his claim and did not require the prosecutor to state, on the record, the reason for the exclusion of each potential juror. Accordingly, the matter is remitted for an evidentiary hearing for the prosecutor to offer race-neutral explanations for his challenges, if he is able to do so *(see, Batson v Kentucky,* 476 US 79; *People v Jenkins,* 75 NY2d 550; *People v Newman,* 173 AD2d 743; *People v Benson,* 173 AD2d 720; *People v Blunt,* 162 AD2d 86; *People v Bozella,* 150 AD2d 471). Kunzeman, J. P., Sullivan, Balletta and O'Brien, JJ., concur.