■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASHEER HAMEED, Also Known as JAMES DIXON YORK, and ABDUL MAJID, Also Known as ANTHONY LABORDE, Appellants. —Motion by the defendants for reargument of two appeals from two judgments (one as to each of them) of the Supreme Court, Queens County (Gallagher, J.), both rendered July 2, 1986, which were determined by decision and order of this court dated December 16, 1991 [178 AD2d 546].

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the motion is granted to the extent that the decision and order of this court dated December 16, 1991, is recalled and vacated, and the following decision and order is substituted therefor, and the motion is otherwise denied.

Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Gallagher, J.), both rendered July 2, 1986, convicting each of them of murder in the second degree, upon jury verdicts, and

imposing sentences. Justice Harwood has been substituted for former Justice Kunzeman (see, 22 NYCRR 670.1 [c]).

Ordered that the matters are remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of peremptory challenges against potential black jurors, and the appeal is held in abeyance in the interim; the Supreme Court, Queens County, is to file its report with all convenient speed.

We agree with the defendants' contentions that they made a prima facie showing that the prosecutor exercised his peremptory challenges in a racially discriminatory manner. The People concede that during jury selection the prosecutor exercised 12 peremptory challenges to excuse 12 of 15 potential black jurors. Although three black jurors actually sat on the jury, the disproportionate number of challenges to potential black jurors (the prosecutor's peremptory challenges used to strike 80% of the potential black jurors), is sufficient to raise an inference of purposeful discrimination (see, People v Bolling, 79 NY2d 317). Although the case of Batson v Kentucky (476 US 79) had not been decided at the time of the voir dire, and, under the controlling standard articulated under People v McCray (57 NY2d 542, cert denied 461 US 961), the prosecutor was under no duty to disclose his reasons for the exercise of his peremptory challenges, Batson v Kentucky (supra) was decided in the middle of the trial, at which time the defense demanded that the prosecutor proffer race-neutral reasons for the exercise of his peremptory challenges. The prosecution failed to do so, insisting, in conclusory terms, that his challenges had not been racially motivated. The matters are thus remitted for an evidentiary hearing for the prosecutor to offer race-neutral reasons for his challenges, if he is able to do so (see, People v Jenkins, 75 NY2d 550; People v Newman, 173 AD2d 743; People v Benson, 173 AD2d 720; People v Blunt, 162 AD2d 86). Sullivan, J. P., Harwood, Eiber and Ritter, JJ., concur.