■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS BARNES, Appellant. [603 NYS2d 172] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered March 21, 1990, convicting

him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's ruling that the People established a prima facie case of purposeful discrimination by the defendant in the exercise of peremptory challenges is amply supported by the record. In raising the Batson claim *(see, Batson v Kentucky, 476 US 79),* the prosecutor advised the Trial Judge that defense counsel had employed seven peremptory challenges during the first round of voir dire, all of which were against white members of the venire, thereby striking a disproportionate number of white prospective jurors *(see, People v Childress, 81 NY2d 263, 267; People v Jenkins, 75 NY2d 550, 556).* Further, as the court observed in rendering its ruling, the defendant had struck all of the white jurors from the second panel. Accordingly, there existed "facts and * * * other relevant circumstances" *(Batson v Kentucky, supra,* at 96; *People v Childress, supra,* at 266) sufficient to raise an inference that defense counsel had used his peremptory challenges to exclude potential jurors because of their race *(see, People v Hawthorne, 80 NY2d 873; People v Brown, 193 AD2d 611; People v Mondello, 191 AD2d 462; People v Hameed, 183 AD2d 847).*

Under the circumstances of this case, the defendant's *Batson* claim was properly rejected by the trial court as untimely. Despite having had various opportunities to protest the prosecutor's exercise of peremptory challenges, defense counsel did not do so until after the jury had been sworn, the trial court had delivered its preliminary instructions to the jury, and the jury had been dismissed from the courtroom for the day. Indeed, although the defendant now contends that three of the prosecutor's four challenges during the first round of voir dire were improper, the record reveals that defense counsel specifically agreed that the members of the first panel were satisfactory. Moreover, throughout the extensive colloquy concerning the challenges to the members of the second panel prompted by the prosecutor's *Batson* motion, defense counsel failed to raise any discriminatory pattern he may have perceived in the prosecutor's jury selection. Unlike the case of *People v Scott* (70 NY2d 420), in which the defendant's counsel was able to provide a satisfactory explanation for the belated assertion of a *Batson* claim on behalf of his client *(see,* 34-35 of trial transcript in *People v Scott, supra,* at A16-A17 of defendant's appendix in Court of Appeals), the defendant in this case could not justify his delay. The defendant has, accordingly,

failed to preserve his *Batson* claim for review *(see, People v Dunn,* 158 AD2d 941; *People v Harris,* 151 AD2d 961; *United States v Biaggi,* 909 F2d 662, 679, *cert denied* 499 US 904; *United States v Erwin,* 793 F2d 656, 657, *cert denied* 479 US 991).* Thompson, J. P., Balletta, Miller and Joy, JJ., concur.