■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McDOUGLE, Appellant. [611 NYS2d 23] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 18, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal is held in abeyance in the interim; the Supreme Court is to file its report with all convenient speed.

The defendant has established a prima facie case of purposeful discrimination in the jury selection by the prosecutor, who exercised her peremptory challenges in the first six rounds of the voir dire to exclude 8 out of 9 black persons from the jury, or nearly 89% of the prospective black jurors (see, People v Bolling, 79 NY2d 317; People v Jenkins, 75 NY2d 550; People v Barnes, 198 AD2d 289; People v Mondello, 191 AD2d 462, 462-463; People v Bennett, 186 AD2d 812; cf., People v Childress, 81 NY2d 263, 266). Although the court seated one black juror after rejecting the prosecutor's proffered explanation, it rejected the defendant's claim as to the previous challenges and

did not require the prosecutor to place on the record the reasons for the exclusion of these challenged jurors. The matter is, therefore, remitted for an evidentiary hearing, where the prosecutor is to give the reasons for her challenges *(see, Batson v Kentucky,* 476 US 79; *People v Jenkins, supra; People v Bennett, supra).*

We do not reach any other issues at this time. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.