■ SUPERIOR SALES & SALVAGE, INC., Appellant, v TIME RELEASE SCIENCES, INC., Respondent. [637 NYS2d 584] —Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: During jury selection in this civil action, a dispute arose when defendant exercised two of its three peremptory challenges to exclude the only two African-American women from the jury. Jury selection was not recorded, and a court reporter was not present when the parties appeared before the Judge supervising jury selection. At the Judge's direction, the parties put the matter on the record before the Judicial Hearing Officer who presided over the trial, but the parties did not request relief from Supreme Court at that time. The transcript contains a brief account of defendant's reason for striking the second prospective juror, and plaintiff's contention that the reason was pretextual. The transcript contains no discussion, however, concerning the first prospective juror.

The rule of *Batson v Kentucky* (476 US 79), that peremptory challenges cannot be used to exclude jurors from service based on impermissible considerations such as race or gender, applies in civil cases *(see, Edmonson v Leesville Concrete Co.,* 500 US 614, 630). Once a prima facie showing of discrimination has been made, the opposing party must offer a neutral explanation for striking each prospective juror within the class *(People v Bolling,* 79 NY2d 317, 320, *rearg denied sub nom. People v Steele,* 80 NY2d 827). Because the court did not require defendant to place on the record the reasons for the exclusion of each challenged juror, the matter must be remitted for an evidentiary hearing before the Judge who supervised jury selection *(see, People v McDougle,* 203 AD2d 593, 593-594; *People v*

*Bennett,* 186 AD2d 812; *People v Reed,* 178 AD2d 666, 667). At the hearing, defendant must give the reasons for its challenges for each juror *(see, People v McDougle, supra),* and the court must report its findings *(see, e.g., People v Reed,* 186 AD2d 159). Although the voir dire was not recorded, those minutes "need not be provided in every instance as a precondition for obtaining *Batson* relief" *(People v Childress,* 81 NY2d 263, 268). (Appeal from Judgment of Supreme Court, Erie County, Ostrowski, J.H.O.—Mechanic's Lien.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.