■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR WATSON, Appellant. [642 NYS2d 57] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered May 24, 1993, convicting him of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the prosecutor's exercise of peremptory challenges against black prospective jurors, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

During jury selection the defendant contended that his right to equal protection was violated when the prosecutor used either six or seven of seven peremptory challenges to strike black members of the venire where the panel consisted of 21 individuals, 12 of whom were black (see, Batson v Kentucky, 476 US 79; People v Garcia, 222 AD2d 605; People v McDougle, 203 AD2d 593; People v Barnes, 198 AD2d 289; People v Bennett, 186 AD2d 812). The defendant made a prima facie showing of purposeful discrimination. The court should have required the prosecutor to provide race-neutral reasons for his exercise of the peremptory challenges. Since the court failed to do so, the matter

must be remitted to the Supreme Court to afford the People the opportunity to offer race-neutral reasons for the challenges (*see, Batson v Kentucky, supra; People v Jenkins,* 75 NY2d 550; *People v Blunt,* 162 AD2d 86).

No other issue is addressed at this juncture. Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.