■ SUPERIOR SALES & SALVAGE, INC., Appellant, v TIME RELEASE SCIENCES, INC., Respondent. [643 NYS2d 291] —Judgment unanimously affirmed without costs. Memorandum: We reserved decision and remitted this matter to Supreme Court

for an evidentiary hearing under *Batson v Kentucky* (476 US 79) to determine whether defendant had used peremptory challenges to exclude jurors from jury service based upon impermissible considerations such as race or gender (*Superior Sales & Salvage v Time Release Sciences*, 224 AD2d 922). After a hearing, the court determined that defendant's attorney gave a legitimate race-neutral reason for excluding the only two African-American women from the panel. The reason given, the prospective jurors' lack of familiarity with technical issues, was properly related to specific issues presented in this case (*see, People v Duncan*, 177 AD2d 187, 194, *lv denied* 79 NY2d 1048).

The court properly precluded plaintiff from using an affidavit of defendant's corporate secretary to impeach the credibility of defendant's chief executive officer, Andrew Gordon; the affidavit was extrinsic evidence of a collateral matter (*see, Badr v Hogan*, 75 NY2d 629). The court also properly prevented a character witness from testifying to specific acts of Gordon (*see, People v Mancini*, 213 AD2d 1038, 1039, *lv denied* 85 NY2d 976), and precluded that witness from testifying concerning Gordon's reputation for veracity in the absence of a showing that the witness was in a position to know the nature of Gordon's general reputation (*see, People v Bouton*, 50 NY2d 130, 140). Plaintiff's contention that defendant's attorney improperly vouched for Gordon's credibility during summation is not preserved for our review, and, in any event, we conclude that the comments of defendant's attorney do not warrant reversal (*see, Dulin v Maher*, 200 AD2d 707, 708).

The court did not err in permitting a witness for defendant to go on vacation and to conclude the last 45 minutes of his cross-examination testimony by speakerphone (*see generally, Matter of Hoffman [Roberts]*, 138 AD2d 785, 786, *lv dismissed* 77 NY2d 987; *Ferrante v Ferrante*, 127 Misc 2d 352, 353). The witness's testimony had been delayed by the actions of plaintiff's attorney, and the jury had ample opportunity to observe the demeanor of the witness during the portion of cross-examination conducted in the courtroom. The jury's award of damages reflects an apparent rejection of that portion of the witness's testimony on cross-examination by speakerphone.

We have considered the remaining contentions of plaintiff and conclude that they are without merit. (Resubmission of Appeal from Judgment of Supreme Court, Erie County, Ostrowski, J.H.O.—Mechanic's Lien.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.