■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GREEN, Also Known as IKE, Appellant. [665 NYS2d 344] —Crew III, J. P. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered July 24, 1995, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant was indicted in August 1994 and charged with rape in the first degree. Following selection of a jury but prior to opening statements, defendant entered an *Alford* plea admitting that he had sexual intercourse with the victim but claiming that it was consensual.

Prior to sentencing, defendant wrote a letter to County Court seeking to withdraw his plea and, as a consequence, new counsel was assigned. Thereafter, defendant moved to vacate the judgment of conviction on the grounds that his plea was not knowingly, intelligently and voluntarily entered, that he received ineffective assistance of counsel and that the People exercised a preemptory challenge in violation of *Batson v Kentucky* (476 US 79). Following an evidentiary hearing, wherein defendant and his previous counsel testified, County Court denied defendant's motion and sentenced him as a second felony offender to an indeterminate term of imprisonment of 5½ to 11 years in accordance with the plea agreement. This appeal ensued.

A review of the plea allocution, together with the minutes of the postplea hearing, convinces us that defendant's plea was entered knowingly, intelligently and voluntarily and was made because defendant believed that there was a strong likelihood that he would be found guilty after trial based upon the evidence that was to be presented by the prosecution.* Our review of the record also satisfies us that defendant received meaningful assistance of counsel. Finally, the record reveals that defendant's counsel did not object to the People's peremptory challenge of a black juror in the venire and, thus, defendant failed to preserve his *Batson* claim for review (*see, People v Barnes*, 198 AD2d 289, 290-291, *lv denied* 82 NY2d 921).

White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* It is of note that County Court specifically found defendant's hearing testimony not credible.