Allen S. BRYANT, Petitioner–Appellee,

v.

Hubert J. SPECKARD, Respondent–
Appellant.

No. 722, Docket 96–2501.

United States Court of Appeals,
Second Circuit.

Argued March 12, 1997.

Decided Dec. 30, 1997.

Anne E. Adams, Buffalo, NY (R. Nils Olsen, Jr., Getzville, NY, on the brief), for Petitioner–Appellee.

J. Michael Marion, Assistant District Attorney, Buffalo, NY (Kevin M. Dillon, District Attorney for Erie County, Buffalo, NY, John J. DeFranks, Counsel of Record, Buffalo, NY, on the brief), for Respondent–Appellant.

Before: JACOBS, LEVAL and CABRANES, Circuit Judges.

PER CURIAM:

This is an appeal by the State of New York from a judgment of the United States District Court for the Western District of New York (John T. Curtin, *J.*), granting a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on a claim brought under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We reverse the judgment of the district court.

Petitioner Allen S. Bryant, who is black, was tried in 1983 in Erie County, New York for the rape of a white woman. During jury selection, the prosecutor exercised a peremptory challenge to dismiss the only black member of the jury pool. Bryant's trial counsel objected to the challenge and made a motion for a mistrial, which was denied. On October 25, 1983, Bryant was found guilty. Before his scheduled sentencing, Bryant absconded. He remained at large for about three years and therefore was not sentenced until December 18, 1986.

In 1986 the United States Supreme Court decided in *Batson* that the constitution forbids the use of race-based peremptory challenges. In *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987), the Court made the *Batson* rule retroactive to all cases not yet final on April 30, 1986, the date *Batson* was decided. Because of Bryant's lengthy fugitivity, his conviction was not yet final on this date. The Appellate Division thus considered his *Batson* claim on

direct appeal and ordered a reconstruction hearing to determine whether the prosecutor dismissed the black juror because of her race.

The judge who conducted the hearing was not the judge who had presided at the trial. The trial judge had by then retired but was available to be called as a witness, as was the attorney who conducted the defense at trial. Neither side called the trial judge, the defense counsel, or even the stricken juror. At the hearing, the trial prosecutor was the only witness to testify. He testified that the juror in question, a black woman, had expressed discomfort about serving on the case. Then after some discussion with the judge, she said she thought she could be fair. The prosecutor exercised a peremptory challenge to strike her from the jury pool. The prosecutor explained at the hearing that he had exercised his challenge because of the juror's expression of discomfort and apprehension and not because of her race. In further explaining his challenge, he said:

> Well, I wasn't sure, to be honest with you, what the nature of her problem with the case was.... I had feelings both ways. I had a feeling, initially, that perhaps ... she was uncomfortable with the black/white situation, it was a white woman victim, [the defendant] obviously was a black male. Then I felt maybe she was uncomfortable with what the nature of the charges are, it was a rape. I don't know, we didn't—[the trial judge] didn't pry into exactly what her problems were. She was kind of very apprehensive, and I just, you know, I was not comfortable with her as a juror.

> . . . . .

> [A]s best I can recall now, I just felt that her apprehension to sit on the case really remained, even though the judge had talked to her. I felt, and no criticism to [the trial judge], but he had tried to talk her into saying that she wanted to remain on the case, and I just felt that she would not be suited, because I didn't know if she could make a decision because of her apprehension about it. And that's—I was just uncertain about her as a juror because of her apprehension.

The hearing judge found that the prosecutor provided an adequate race-neutral explanation for the strike, and the Appellate Division affirmed Bryant's conviction.

■ Bryant then petitioned for habeas corpus under 28 U.S.C. § 2254. The United States District Court for the Western District of New York held a hearing and determined that there was an insufficient basis upon which to make a reasoned determination whether the questioned challenge was impermissibly based on race. At the time of the petition, section 2254(d) provided that, subject to certain enumerated exceptions, state court factual determinations were entitled to a presumption of correctness by a federal habeas court. 28 U.S.C. § 2254(d)(West 1994)(amended April 24, 1996). A state court's determination whether a prosecutor's use of a peremptory challenge was motivated by discriminatory intent, in violation of *Batson,* is a factual determination and thus qualifies for this presumption of correctness. *See Purkett v. Elem,* 514 U.S. 765, 769, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995); *Hernandez v. New York,* 500 U.S. 352, 364–66, 111 S.Ct. 1859, 1868–70, 114 L.Ed.2d 395 (1991). However, section 2254(d) further provided that if the petitioner "shall establish or it shall otherwise appear, or the respondent shall admit" that, *inter alia,* the petitioner "did not receive a full, fair, and adequate hearing in the State court proceeding" on a particular issue, then the presumption of correctness would not apply. 28 U.S.C. § 2254(d)(6).

■ The district court found that the state court reconstruction hearing was inadequate, and that the state court's determination of the prosecutor's motives was therefore entitled to no deference. In reaching this conclusion, the district court relied on language from *Brown v. Kelly,* 973 F.2d 116 (2d Cir. 1992), *cert. denied,* 506 U.S. 1084, 113 S.Ct. 1060, 122 L.Ed.2d 366 (1993), in which this court noted that "there are cases where the passage of time may impair a trial court's ability to make a reasoned determination of the prosecutor's state of mind when the jury was selected. Where such demonstrably ex-

ists, there must be a new trial." *Id.* at 121 (citing *United States v. Alvarado,* 923 F.2d 253, 256 (2d Cir.1991); *United States v. Alcantar,* 897 F.2d 436, 438–39 (9th Cir.1990)). The district court believed this was such a case, particularly given the prosecutor's limited memory of the jury selection proceedings of some six and one-half years before. The district court found that the prosecutor's limited testimony deprived Bryant's counsel of any "real opportunity, at the reconstruction hearing, to obtain any useful information from [the prosecutor] concerning the extent to which his subjective assessment of the suitability of the juror was based on her actual or suspected discomfort with the race of the defendant and the alleged victim." This was of particular concern, the district court thought, because the prosecutor's explanation for his use of the peremptory challenge against the black prospective juror was "entirely subjective" and "contained an element of race-conscious evaluation of the juror." As a result of these factors, the district court concluded, "[p]articularly careful scrutiny of the explanation was therefore essential."

In addition, the district court said, the prosecutor's limited memory made it impossible to compare the prosecutor's subjective assessment of the excluded prospective juror with his assessment of any other prospective juror. The district court also noted that the hearing judge had not personally observed the jury selection process. Finally, the district court was troubled by the fact that no evidence was introduced at the reconstruction hearing other than the prosecutor's testimony and the trial court clerk's voir dire minutes.

In short, the district court concluded that "[t]here was simply not enough solid evidence in the record for the judge to reconstruct the voir dire sufficiently and make a fair evaluation of the issue of discriminatory intent." Concluding that the passage of time had made reconstruction of the voir dire impossible, the district court granted the writ

and ordered a new trial or the defendant's release from confinement.

Even assuming the district court correctly relied upon the language quoted above from *Brown v. Kelly,*[1] we disagree that the state court reconstruction hearing was inadequate. The crucial issue was, after all, the intention of the prosecutor who exercised the challenge. *See Hernandez,* 500 U.S. at 359–60, 111 S.Ct. at 1866 (noting, in the context of a *Batson* claim, the "fundamental principle" that " '[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.' ") (quoting *Arlington Heights v. Metropolitan Hous. Dev. Corp.* 429 U.S. 252, 264–65, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977)). On this issue, the prosecutor was the best, and perhaps the only, competent witness. The prosecutor recalled the event and provided his account; the defendant had a full opportunity to cross-examine him. After hearing from both sides, and observing the prosecutor's testimony, the state court judge found the prosecutor to be credible in his assertion that the challenge was not based on the juror's race. Regarding the prosecutor's claim that he struck the prospective juror because of her continuing "reservations and apprehensions about serving," the judge concluded that this explanation was "credible, forthright, reasonable, race-neutral and acceptable." As the Supreme Court has noted, "In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge." *Hernandez,* 500 U.S. at 365, 111 S.Ct. at 1869. *See also Batson,* 476 U.S. at 98 n. 21, 106 S.Ct. at 1724 n. 21 ("Since the trial judge's findings in the context under consideration here largely will turn on evaluation of credibility, a reviewing court ordinarily should give those findings great deference."). The fact that the prosecutor was the sole witness at the hearing did not render the hearing defective.

---

1. In *Brown,* the *Batson* reconstruction hearing was conducted not by a state court, but by a federal district court in the course of passing on

a § 2254 habeas petition. *See Brown,* 973 F.2d at 118. This court's opinion in *Brown* made no express reference to § 2254(d).

Furthermore, we note, although it is unnecessary to our conclusion, that Bryant's flight contributed substantially to the long delay between the jury selection and the *Batson* hearing. We do not think that a rule favoring petitions under *Batson* by reason of the faded memories of the participants should benefit one who procured delay and consequent memory loss by his own illegal flight.

We find no reason to conclude that the state court did not conduct a "full, fair, and adequate" reconstruction hearing. The state court's finding that the prosecutor did not strike the prospective juror because of her race is therefore entitled to a presumption of correctness. We have considered petitioner's additional arguments on appeal and find them to be without merit.

Accordingly, we vacate the district court's grant of the writ and reinstate petitioner's conviction.