■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GANDHI GUZMAN, Appellant. [675 NYS2d 110] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered April 9, 1992, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of peremptory challenges against black potential jurors, and the appeal is held in abeyance in the interim; the Supreme Court, Queens County, is to file its report with all convenient speed.

During jury selection, the prosecutor exercised peremptory challenges to strike 6 out of 7 potential male black jurors. After the defense counsel raised a challenge under *Batson v Kentucky* (476 US 79), the prosecutor offered facially race-neutral explanations for 3 of his 6 challenges. However, the trial court never ruled on the prosecutor's explanations, and did not require the prosecutor to provide reasons for the remaining

challenges. Considering the disproportionate number of potential black jurors challenged (approximately 86%), and the circumstances of this case, we find that the defendant sustained his initial burden of raising an inference that the prosecutor used his peremptory challenges to exclude potential jurors because of their race (*see, People v Bolling,* 79 NY2d 317; *People v Watson,* 227 AD2d 421; *People v McDougle,* 203 AD2d 593; *People v Hameed,* 183 AD2d 847; *cf., People v Childress,* 81 NY2d 263). Accordingly, the trial court should have required the prosecutor to provide race-neutral reasons for his exercise of all six of his challenges to potential male black jurors, and ruled upon them (*see, People v Watson, supra; People v Manswell,* 223 AD2d 561). Since the court failed to do so, the matter must be remitted to afford the prosecutor an opportunity to offer race-neutral reasons for all of his challenges, and for a finding by the trial court on the ultimate issue of pretext.

No other issue is addressed at this juncture. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.