Gandhi GUZMAN, a/k/a Wilson
Alvarez–Garcia, Petitioner–
Appellant,

v.

George DUNCAN, Superintendent,
Great Meadow Correctional
Facility,

and

Eliot L. Spitzer, New York State
Attorney General Respondents–
Appellees.

No. 02–2405.

United States Court of Appeals,
Second Circuit.

July 25, 2003.

Deepa Rajan, The Legal Aid Society, Criminal Appeals Bureau, Kew Gardens, NY, for Petitioner–Appellant.

Emil Bricker, Queens County District Attorney's Office, Kew Gardens, NY, for Respondents–Appellees.

PRESENT: GRAAFEILAND, CALABRESI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

In 1992, petitioner-appellant Gandhi Guzman was convicted on two counts of second-degree murder and sentenced to consecutive 25–years–to–life prison terms. During jury selection in advance of trial, Guzman, objecting to the state's use of peremptory challenges against black venire members, alleged a violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial judge rejected his *Batson* claim, stating that the defendant had not made out a prima facie case that the prosecutor had exercised his peremptory strikes on the basis of race. *See id.* at 96–98, 106 S.Ct. 1712 (setting forth a three-step inquiry, in which the first step entails a prima facie showing of discrimination). Guzman appealed and the Appellate Division reversed the trial court. It remitted the case to a reconstruction court, instructing the reconstruction judge

to hear the prosecutor's reasons for the challenges (the second step of the Batson inquiry) and to determine the issue of pretext (the third step).[1] *People v. Guzman,* 251 A.D.2d 680, 675 N.Y.S.2d 110 (1998).

The reconstruction court held its hearing in 1998, six years after the original trial. In assessing strikes against two of the prospective jurors, Pritchard and Jones, the reconstruction judge did not hear live testimony, relying instead on the record from the original voir dire. That record contained an explanation by the prosecutor that he found the two jurors to be inattentive and incapable of taking the trial seriously. Also in the record was a rebuttal by defense counsel, who denied that the two men were laughing, giggling, and falling asleep, as the prosecutor alleged. The original trial court judge said nothing on the issue. As to the three other prospective jurors—Lynton, Darden, and Phills—the reconstruction judge heard testimony, but only from the original trial prosecutor. The prosecutor was examined first by an assistant district attorney, and then by the judge, who asked him written questions prepared by the defense.[2] The reconstruction court, which also took briefing from the parties, ultimately held that the prosecutor's reasons for challenging each of the venire members were race-neutral and non-pretextual.

In 1999, the Appellate Division affirmed the reconstruction court's ruling, and in 2000, Judge Rosenblatt of the New York Court of Appeals denied petitioner's application for a hearing by that court. In an Opinion and Order dated May, 2002, the United States District Court for the Southern District of New York (Ross, *J.*) denied Guzman's § 2254 petition for habeas cor-

---

1. The Appellate Division relied on a reconstruction court because the original trial judge had retired.

2. The reconstruction judge also heard testimony and ruled on a sixth venire member, but the petitioner does not challenge the use of that particular peremptory strike in the instant appeal.

pus. This court then granted petitioner's request for a certificate of appealability.

We review *de novo* a district court's decision on a § 2254 habeas application. *Galarza v. Keane*, 252 F.3d 630, 635 (2d Cir.2001). Where, as in this case, a claim has been "adjudicated on the merits" in state court, a writ of habeas corpus will only be granted if that adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or else was founded on "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). "Clearly established federal law" includes "only holdings of Supreme Court decisions" and not dicta, *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir.2003) (internal quotation marks omitted), but also encompasses applications of those holdings when the failure so to apply them would be unreasonable. *Kennaugh v. Miller*, 289 F.3d 36, 45 (2d Cir.2002); *Overton v. Newton*, 295 F.3d 270, 278–79 (2d Cir. 2002) (citing *Kennaugh* in the *Batson* context).

In such habeas proceedings, moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). And, a state court's determination of pretext in the *Batson* context "is a factual determination and thus qualifies for this presumption of correctness." *Bryant v. Speckard*, 131 F.3d 1076, 1077 (2d Cir.1997) (per curiam) (citations omitted).

With these various standards in mind, petitioner makes three arguments. First, Guzman asserts that the state court unreasonably applied clearly established federal law when it relied solely on the record to assess the prosecutor's motives for exercising peremptory strikes against Pritchard

and Jones. By declining to take live testimony, the judge, on petitioner's view, failed to heed *Batson*'s requirement of a "sensitive inquiry into such circumstantial and direct evidence of [discriminatory] intent as may be available." *Batson*, 476 U.S. at 93, 106 S.Ct. 1712 (citation omitted). Second, Guzman argues that § 2254(e)(1), which provides that "a determination of a factual issue made by a State court shall be presumed to be correct," does not apply to the state court's validation of the prosecutor's proffered reasons for striking the other three jurors. This, according to petitioner, is because the reconstruction judge ignored evidence of similarly situated jurors who shared relevant characteristics with the stricken venire members, and thereby failed to consider the "totality of the relevant facts" as required by *Hernandez v. New York*, 500 U.S. 352, 363, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). Third, Guzman argues that even if the presumption perdures, he has overcome that presumption with "clear and convincing evidence" of a pretextual motive. The district court, while noting that its judgment might have been different if it had reviewed the case *de novo*, rejected these arguments and denied the writ. We affirm.

■ With regard to the strikes against Pritchard and Jones, the Supreme Court has not clearly established a rule requiring reconstruction courts to hear live testimony. The Court has noted, however, that "the best evidence [in assessing pretext] often will be the demeanor of the attorney who exercises the challenge." *Hernandez*, 500 U.S. at 365, 111 S.Ct. 1859. In this case, the reconstruction judge, in addition to finding a clearly articulated reason in the record for the prosecutor's exercise of these two challenges, had the opportunity to assess the prosecutor's demeanor as he discussed the other three jurors. While we reserve judgment on whether in some circumstances it would be unreasonable to

make a decision based solely on the record, we find that here the state court did not unreasonably apply clearly established federal law in making its determination.

■ With regard to the strikes against Lynton, Darden, and Phills, we leave open the question of whether a judge's *refusal* to weigh similarly situated jurors would be a violation of *Hernandez's* mandate that trial courts take into account the "totality of the relevant facts." *Id.* at 363, 111 S.Ct. 1859. That is not the situation here, for in this case, there is no indication in either the reconstruction court's memorandum of law or the Appellate Division's affirming opinion that the state court declined to consider similarly situated white jurors who were not challenged by the prosecutor. Petitioner's argument, based on the notion that the state court failed to mention these non-stricken jurors and therefore must have ignored them, is unavailing. The Supreme Court has held that *Batson* rulings do not require a detailed explanation. *See Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1045, 154 L.Ed.2d 931 (2003) (noting that a state court "need not make detailed findings addressing all the evidence before it"); *see also Galarza,* 252 F.3d at 640 n. 10 (noting that the trial court does not have to give a "talismanic recitation of specific words in order to satisfy *Batson*" and that a "general crediting of the prosecutor's race-neutral explanations" will normally suffice).

In the instant case, the reconstruction court heard testimony on the similarly situated jurors, generally credited the prosecutors race-neutral explanations, and then rejected each of petitioner's *Batson* claims. Under the relevant precedents, these findings are entitled to a presumption of correctness.

Finally, petitioner has been unable to provide the "clear and convincing evidence" necessary to overcome that presumption.[3] Although some of the prosecutor's explanations may appear dubious, the state court credited them as race-neutral and non-pretextual, and there is not enough evidence to the contrary in the record to disturb that finding.

We have considered all of petitioner's claims and find them meritless. We therefore AFFIRM the judgment of the district court.

---

3. We note that petitioner must actually overcome no fewer than three levels of presumption: (1) the *Batson*-step-three burden of proving pretext; (2) the general presumption of correctness given to trial court findings; and (3) the presumption of correctness established by the AEDPA.