THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVIS FUNCHES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILEY, Appellant. [772 NYS2d 62]—

Judgments, Supreme Court, New York County (Charles Tejada, J.), rendered April 29, 2002, convicting defendant Funches, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts) and criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 21 years to life, and convicting defendant Wiley, after a jury trial, of two counts each of robbery in the first and second degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed. Order, same court and Justice, entered on or about February 3, 2003, which denied the motion of defendant Funches to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Contrary to Wiley's argument, we find that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's

determinations concerning identification and credibility, including its evaluation of a surveillance videotape of the crime.

The court properly denied defendants' application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). The prosecutor provided a race-neutral reason for the exclusion of a prospective juror based upon her employment (*see People v Wint*, 237 AD2d 195 [1997], *lv denied* 89 NY2d 1103 [1997]), which he believed would expose her to "anti-police" and "anti-establishment" sentiments. There is no reason to disturb the court's finding that the reason was nonpretextual (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defendants' assertion that the employment-related reason was closely linked to race is unpersuasive.

Defendants' claim that the prosecutor treated a similarly situated white juror differently is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it unsupported by the record.

The court properly denied defendants' midtrial severance motions. In the first place, the court properly denied the motions as untimely, since the record reveals that defendants were generally aware of the differences between their prospective defenses in advance of trial. The court properly denied severance on the merits as well, because defendants' defenses were not so irreconcilable as to require severance (*see People v Mahboubian*, 74 NY2d 174, 183-184 [1989]). Funches's defense that there was no robbery was not irreconcilable with Wiley's mistaken identification defense (*see People v Boddie*, 226 AD2d 120 [1996], *lv denied* 88 NY2d 1067 [1996]; *People v Dillon*, 201 AD2d 265 [1994], *lv denied* 83 NY2d 871 [1994]). As these defenses unfolded at trial, they were compatible and neither defendant implicated the other. The portions of the summations cited by defendants as interfering with each other's defenses were actually consistent and complementary.

The court properly denied, as procedurally defective (*see* CPL 440.10 [2] [b]), Funches's motion to vacate the judgment on the ground of ineffective assistance of counsel. In any event, the trial record establishes that Funches's attorney provided effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing Wiley's sentence.

Defendants' challenge to the court's charge concerning the process of jury deliberations and Funches's Confrontation Clause claim are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. We have considered and rejected defendants'

remaining claims. Concur—Mazzarelli, J.P., Williams, Friedman and Gonzalez, JJ.