**Trevis FUNCHES, Petitioner–Appellant,**

v.

**James WALSH, Superintendent, Sullivan Correctional Facility, Respondent–Appellee.**

No. 06–2855–pr.

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

Sally Wasserman, New York, New York, for Petitioner–Appellant.

Frederick H. Wen, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, New York, New York, for Respondent–Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Trevis Funches appeals from a final judgment of the United States District Court for the Southern District of New York (Buchwald, J.) entered on April 24, 2006, dismissing in its entirety his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court granted a certificate of appealability on the single issue of Funches' *Batson* claim. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Funches argues that the New York Appellate Division unreasonably applied clearly established Supreme Court precedent when it affirmed the trial court's ruling that the prosecution's race-neutral explanation for its exclusion of a prospective black juror was not pretextual under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *See People v. Funches*, 4 A.D.3d 206, 772 N.Y.S.2d 62 (1st Dep't 2004); *see also Harris v. Kuhlmann*, 346 F.3d 330, 344 (2d Cir.2003) (explaining that under the Antiterrorism and Effective Death Penalty Act, when the state court correctly identifies the governing legal principle, as here, our review is limited to the "unreasonable application" prong of 28 U.S.C. § 2254(d)(1)). The Appellate Division concluded that the prosecution's proffered race-neutral explanation—that the prospective juror's employment as a fashion stylist for rap artists exposed her to anti-police and anti-establishment sentiment—was not pretextual or closely linked to race. The Appellate Division further re-

jected Funches' assertion that the prosecution treated differently a similarly situated white juror, who was employed as a journalist in the media and entertainment industry, because it held that the argument was both unpreserved and unsupported by the record. We conclude that Funches has failed to rebut by clear and convincing evidence the state court's factual determination that the prosecution's explanation was not pretextual, *see Bryant v. Speckard*, 131 F.3d 1076, 1077 (2d Cir.1997) (per curiam), and we further hold that the Appellate Division did not apply federal law in an "objectively unreasonable" manner, *see Garvey v. Duncan*, 485 F.3d 709, 725 (2d Cir.2007).

For the foregoing reasons, the judgment of the district court is AFFIRMED.