*502 Judgment, Supreme Court, New York County (Micki A. Scherer, J., at initial severance motion and request for adjournment; William A. Wetzel, J., at renewed severance motion, jury trial and sentence), rendered April 4, 2006, convicting defendant of robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 23 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Although the robbery victim did not see the robbers’ faces and could not identify them, there was extensive evidence connecting defendant to the robbery, including, among other things, testimony from a police officer who pursued the robbers from the scene and made a prompt and reliable identification of defendant, as well as testimony from an occupant of an apartment to which the robbers fled, and where they deposited incriminating evidence.
The court properly exercised its discretion when it denied defendant’s application to proceed pro se, made during the presentation of the People’s case, since defendant did not assert any compelling circumstances or legitimate basis for his belated request (see People v McIntyre, 36 NY2d 10, 17 [1974]). There is no merit to defendant’s argument that he was constitutionally entitled to represent himself notwithstanding the fact that the trial had begun.
Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant was not deprived of effective assistance by his attorney’s failure to seek to introduce expert testimony on identification. The pursuing officer identified defendant under circumstances that made mistaken identity highly unlikely, and this identification was supported by powerful corroborating evidence. Accordingly, there is no reason to believe that an application to call an identification expert would have been successful (see People v LeGrand, 8 NY3d 449 [2007]; People v Young, 7 NY3d 40, 45-46 [2006]), or that such testimony would have affected the verdict.
*503 In his initial and renewed severance motions, defendant did not establish a sufficient basis for severance. At the time of these motions, the information before the court concerning the proposed defenses of defendant and his codefendant, including the codefendant’s attorney’s outline of his client’s proposed testimony, did not reveal any irreconcilable conflict (see People v Mahboubian, 74 NY2d 174, 183-184 [1989]). On appeal, defendant asserts that a particular portion of the codefendant’s testimony and summation argument tended to inculpate defendant. Under the circumstances, the prior severance motions did not preserve this issue, and a further renewed motion would have been necessary. We decline to review this unpreserved issue in the interest of justice. As an alternative holding, we also reject it on the merits, because the defenses of defendant and the codefendant remained compatible throughout the trial, and defendant was not prejudiced by the joint trial. A midtrial severance motion would have been untimely in any event, since specifics as to the allegedly prejudicial aspect of the codefendant’s defense could have been ascertained and presented to the court prior to trial (see People v Funches, 4 AD3d 206, 207 [2004], lv denied 3 NY3d 640 [2004]).
The court properly exercised its discretion in denying defendant’s request for a one-week adjournment to consult with a DNA expert. Defense counsel received a suitable opportunity to consult with his expert before the People’s DNA expert testified, and the court’s refusal to adjourn the trial did not cause defendant any prejudice (see People v Roberts, 50 AD3d 530 [2008], lv denied 10 NY3d 963 [2008]). Furthermore, DNA proof linking defendant to some of the physical evidence was only a small component of the People’s extensive case. Concur — Mazzarelli, J.P., Andrias, Gonzalez, Moskowitz and Renwick, JJ.