■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY FLEMING, Appellant. [913 NYS2d 221]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered December 11, 2006, convicting defendant, after a jury trial, of murder in the first degree, robbery in the first degree (two counts), attempted robbery in the first degree (four counts), attempted robbery in the second degree, and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of life without parole, and, order, same court and Justice, entered on or about May 27, 2009, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court properly denied defendant's CPL 440.10 motion, without conducting a hearing or appointing a defense psychiatric expert. Citing evidence that after he began serving his sentence he was diagnosed as psychotic and treated accordingly, defendant argues that further inquiry is necessary regarding whether he was incompetent to stand trial. Before trial, and after the testimony of two psychiatrists at a thorough hearing, the court made a competency determination that defendant does not challenge. There was extensive evidence that defend-

ant, even if psychiatrically ill, was deliberately exaggerating his illness and feigning the type of symptoms that might suggest an inability to understand the proceedings and assist in his defense. In addition, after the verdict, the court granted defense counsel's request for another psychiatric examination, and that examination again concluded that defendant was competent and was malingering and reporting grossly exaggerated and improbable symptoms. Furthermore, a psychiatric expert was appointed to assist the defense before and during trial and in connection with sentencing, but did not submit a report or testify for defendant. Accordingly, the court properly concluded that defendant's submissions on the motion were insufficient to raise an issue as to whether defendant was incompetent at the time of trial (*see People v Gelikkaya*, 84 NY2d 456, 459-460 [1994]). Nor did defendant demonstrate any need for assignment of a psychiatric expert to assist in presenting the motion (*see People v Dearstyne*, 305 AD2d 850, 852-853 [2003], *lv denied* 100 NY2d 593 [2003]).

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the employment-based reason provided by the prosecutor for the challenge to one potential juror was nondiscriminatory (*see People v Funches*, 4 AD3d 206, 207 [2004], *lv denied* 3 NY3d 640 [2005]; *People v Wint*, 237 AD2d 195, 197-198 [1997], *lv denied* 89 NY2d 1103 [1997]). The record also supports the court's acceptance of the prosecutor's explanation that he challenged two other panelists based on nondiscriminatory concerns that family members' experiences with police officers may have engendered negative or distrustful attitudes toward law enforcement (*see People v Fowler*, 45 AD3d 1372, 1373 [2007], *lv denied* 9 NY3d 1033 [2008]) and that the demeanor of one of these panelists was inappropriate (*see Thaler v Haynes*, 559 US —, —, 130 S Ct 1171, 1174-1175 [2010]). The court's determination that the prosecutor's reasons for challenging those three jurors were nonpretextual is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). We do not find any disparate treatment by the prosecutor of similarly situated panelists.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. There was ample evidence of defendant's homicidal intent, including, among other things, his statement after the crime to a testifying accomplice.

We perceive no basis for reducing the sentence as excessive.

Defendant's remaining challenges to his sentence are without merit. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.