People v Nunez (2022 NY Slip Op 00953)





People v Nunez


2022 NY Slip Op 00953


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Ind No. 3238/16 Appeal No. 15271 Case No. 2019-2215 

[*1]The People of the State of New York, Respondent,
v
Steven Nunez, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.



Judgment, Supreme Court, New York County (Curtis Farber, J. at severance motion; Ruth Pickholz, J. at jury trial and sentencing), rendered March 1, 2019, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of eight years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion for severance of his trial from that of his codefendant. As presented at trial, the codefendant's theory that he was misidentified and defendant's theory that there was no robbery at all were not mutually exclusive, but rather "were compatible and neither defendant implicated the other" (People v Funches, 4 AD3d 206, 207 [1st Dept 2004], lv denied 3 NY3d 640 [2004]). The codefendant's counsel never conceded that a robbery, as opposed to an alleged robbery, actually occurred. On the contrary, the codefendant's counsel argued in summation that in addition to his client not even being present, the complainant was lying about the incident having been a robbery to begin with. This argument echoed defendant's own defense rather than contradicting it.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of strategy not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022